Melvin Colon CALDERON, Petitioner,

v.

DRUG ENFORCEMENT
ADMINISTRATION,
Respondent.

No. 05–3138.

United States Court of Appeals,
Federal Circuit.

Nov. 1, 2005.

Before SCHALL, GAJARSA, and
PROST, Circuit Judges.

ON MOTION

GAJARSA, Circuit Judge.

*ORDER*

Melvin Colon Calderon moves for reconsideration of the court's order that dismissed his appeal for failure to respond to the court's July 5, 2005 order.

Calderon petitioned this court for review of a Drug Enforcement Administration "decision denying a petition for remission and/or mitigation of currency forfeiture." In the court's July 5 order, we considered the parties' responses to our order directing Calderon to show cause why his appeal should not be dismissed for lack of jurisdiction. Calderon agreed that we did not have jurisdiction but asked us to transfer the action to another court. We noted that Calderon had not "sufficiently asserted statutory or other grounds that might support jurisdiction in either the district court or the Second Circuit and how any such ground would relate to the facts of this case." We directed that, unless by July 26, 2005 Calderon filed a supplement to his motion to transfer and showed that transfer is appropriate in the interest of justice, *see* 28 U.S.C. 1631, we would dismiss the appeal.

Calderon moved for an extension of time to respond to the court's order. The court granted the motion and gave Calderon until September 12, 2005 to respond. Having received no response, the court dismissed the petition for review on September 27, 2005. Later that day, the court received a response from Calderon. Calderon also asserts that he faxed a copy of his response on September 21, 2005.

Calderon moves for reconsideration and requests that we consider his untimely response to the court's order. Calderon briefly asserts that the United States Court of Appeals for the District of Columbia Circuit might have jurisdiction over the DEA's decision. *See Tourus Records, Inc. v. Drug Enforcement Administration,* 259 F.3d 731 (D.C.Cir.2001). Thus, because we clearly do not have jurisdiction over the petition, and because Calderon asserts that the District of Columbia Circuit would have jurisdiction, we transfer to that court pursuant to 28 U.S.C. § 1631. Given the paucity of briefing on the jurisdictional issue, we make no determination on whether the District of Columbia Circuit does or does not have jurisdiction over this particular case.

Accordingly,

IT IS ORDERED THAT:

(1) Calderon's motion for reconsideration is granted, the dismissal order is vacated, and the mandate is recalled.

(2) The appeal is transferred to the United States Court of Appeals for the District of Columbia Circuit.